IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STACIA CROMARTIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:16-cv-097-WKW-GMB |
| ) | |
| ALABAMA STATE UNIVERSITY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 5. For the reasons stated herein, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITH PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff Stacia Cromartie's repeated failures to comply with the orders of this court.

**I. BACKGROUND**

Cromartie filed suit on February 12, 2016, alleging a "violation of her civil rights" and several state-law claims against Alabama State University ("Alabama State") and ten individuals. Doc. 1. The genesis of her suit is an assault that allegedly took place in her Alabama State dorm room at the hands of two fellow students. Doc. 1 at 3. Cromartie complains primarily about the response of school officials, the subsequent disciplinary procedures, and the alleged retaliation she suffered in the wake of the incident. Doc. 1 at

3–5.  She is seeking $3,000 in compensatory damages $50,000,000 in punitive damages. Doc. 1 at 5.

Cromartie has a history in this action of failing to abide by orders of the court.  For example, since May 10, 2016, she has been repeatedly ordered to show cause as to why this lawsuit should not be dismissed for a lack of subject matter jurisdiction, but has failed to respond appropriately.[1] *See* Docs. 16–17, 19–20, 23–27.  Additionally, on May 18, 2016, proceedings in this case were stayed pending Cromartie's compliance with the court's May 10, 2016 show cause order. *See* Doc. 19 ("The parties shall cease all activities in this court associated with this case, except for the filing of plaintiff's response to the May 10 show cause order, until the stay is lifted by a future court order.").  Despite the court-ordered stay, Cromartie filed two motions seeking various types of relief. *See* Docs. 20 & 26.

On May 31, 2016, in lieu of responding to the court's May 10, 2016 order to demonstrate subject matter jurisdiction, Cromartie filed an amended complaint which set forth new factual allegations and legal claims. Docs. 25 & 27.  This filing directly violated the court's prior orders staying the proceedings and directing Cromartie not to file an amended complaint without first seeking leave of court. *See* Docs. 19 & 23.  On November 2, 2016, the court struck Cromartie's proposed amended complaint and directed her to file an amended complaint that comports with the Federal Rules of Civil Procedure and establishes the court's subject matter jurisdiction.[2] Doc. 27.  Specifically, the amended

---

[1] Cromartie's original complaint did not adequately establish this court's subject matter jurisdiction, and she has yet to cure this defect.  While Cromartie sought to invoke the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, she did not assert a cognizable claim under federal law. *See* Doc. 1.
[2] The court also noted that, in addition to failing to establish the court's subject matter jurisdiction over this action, both the original complaint and proposed amended complaint were "shotgun pleadings" in violation

complaint was to provide "(a) plaintiff's basis for evoking this court's subject matter jurisdiction; (b) a concise statement of factual allegations in separately numbered paragraphs; and (c) legal claims in separate counts, with one claim per count, referencing the specific allegations of fact that support each legal claim." Doc. 27.  In the same order, the court warned Cromartie that her failure to comply might result in the dismissal of her case. Doc. 27.

Cromartie subsequently filed a motion seeking additional time to file her amended complaint, which the court granted in an order on November 14, 2016. Docs. 29 & 30.  In that order, the court directed Cromartie to file an amended complaint "in strict compliance" with the court's November 2, 2016 order (Doc. 27) on or before November 21, 2016. Doc. 30.  She was further warned that her failure to do so would result in a recommendation that this case be dismissed.  On November 21, 2016, Cromartie yet again failed to comply, instead filing another motion for an extension of time. Doc. 32.

## II. DISCUSSION

"The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006); *see* Fed. R. Civ. P. 41(b).  Such a dismissal is "generally reserved for cases of willful disobedience to court orders." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (internal quotation marks omitted).  In

---

of Rule 8 of the Federal Rules of Civil Procedure. *See Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1284 (11th Cir. 2000) (explaining that in a shotgun pleading, the plaintiff "in one count . . . present[s] multiple claims for relief, supporting them with a rambling set of factual allegations that may or may not be relevant to each claim") (internal citations and quotation marks omitted); Doc. 27 at 4–6.

3

addition to the authority vested by Rule 41 of the Federal Rules of Civil Procedure, the power to dismiss an action "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). In the Eleventh Circuit, dismissal with prejudice is appropriate only "where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Comms.*, 178 F.3d 1373, 1374 (11th Cir. 2006) (internal quotation marks omitted).

Here, Cromartie has continually failed to abide by orders of the court and has flagrantly violated the court's deadlines. In lieu of making timely filings, Cromartie has repeatedly sought leave of court to extend her filing deadlines. While Cromartie has attempted to assert good cause for her inability to comply with the court's orders, this case is "replete with numerous unjustified violations of court orders despite judicial warnings of the consequences." *State Exchange Bank*, 693 F.2d at 1352. Since May of 2016, she has been directed four separate times to provide a proper basis for the court's subject matter jurisdiction, either by responding to the court's May 10, 2016 show cause order or by filing an amended complaint, and has failed to do so. Moreover, Cromartie thrice violated the court's order for a stay of proceedings by making filings unrelated to the court's subject matter jurisdiction. *See* Docs. 20, 25 & 26. Cromartie was twice warned that her case may be dismissed, *see* Docs. 27 & 30, for her continual failure to comply with the court's directives, yet she responded only with requests for an extension. *See* Docs. 29 & 32. Cromartie's last request for an extension to file her amended complaint was on November 21, 2016. *See* Doc. 32. Since that date, Cromartie has had more than two weeks to attempt

to salvage her lawsuit by filing an amended complaint, even without the court's granting her request for an extension. She has not even attempted to do so.

For these reasons, the court finds that these are precisely the "extreme circumstances" in which a *sua sponte* dismissal is warranted. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). The court, mindful of the consequences of its recommendation, has considered whether a less drastic sanction is appropriate. Cromartie is an indigent defendant and thus there is no reasonable potential for collecting a monetary penalty from her. Nor has she given the court any indication that another non-dispositive sanction would suffice to bring her into compliance with the court's orders. In a case such as this one, when the court has been prevented from ascertaining even the threshold question of its subject matter jurisdiction by the noncompliance of a party, the court concludes that no lesser sanction than dismissal should be imposed.

### III.  CONCLUSION

It is therefore the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED WITH PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

It is further ORDERED that the parties shall file any objections to this recommendation **on or before December 21, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which an objection is being asserted. Frivolous, conclusive, or general objections will not be considered by the

district court.  The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues addressed in the report and recommendation, and shall bar the party from attacking on appeal factual findings in the report and recommendation that are accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 7th day of December, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE